UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| *APRIL LYNN CURTIS,* | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| **v.** | ) | Civil No. 09-24-P-S |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| *Defendant* | ) | |

### REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question of whether the commissioner supportably found the plaintiff, who alleges that she is disabled by fibromyalgia, Lyme disease, and depression, capable of performing work existing in significant numbers in the national economy. I recommend that the decision of the commissioner be affirmed.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 405.101 (incorporating 20 C.F.R. §§ 404.1520, 416.920); *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff had a severe impairment of fibromyalgia syndrome, Finding 3, Record at 12; that she retained the residual functional capacity ("RFC") to lift and carry 10 pounds frequently and 20 pounds occasionally, sit for up to six hours in an eight-hour workday, stand or walk for up to

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on October 9, 2009, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

four hours in an eight-hour workday, climb and stoop occasionally, and balance, kneel, crouch, crawl, push or pull with the upper extremities, reach, handle, and finger frequently, and that she suffered a pain distraction that limited her to performing unskilled work with a specific vocational preparation ("SVP") code of two or less, Finding 5, *id*. at 13; that, considering her age (22 years old, defined as a younger individual, as of her alleged disability onset date), education (at least high school), work experience (transferability of job skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that she could perform, Findings 7-10, *id*. at 16; and that she therefore was not disabled at any time from June 1, 2005, through the date of decision (September 5, 2008), Finding 11, *id*. at 17.[2] The Decision Review Board declined to review the decision, *id*. at 1-4, making it the final determination of the commissioner, 20 C.F.R. § 405.450(a); *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. § 405.101 (incorporating 20 C.F.R. §§ 404.1520(g), 416.920(g)); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The

---

[2] The plaintiff was insured for purposes of SSD benefits through March 31, 2011. *See* Finding 1, Record at 11.

record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's residual work capacity to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The plaintiff contends that (i) the administrative law judge erred in omitting to convey to a vocational expert present at her hearing the fact that she suffered from a pain distraction, conveying only a limitation to jobs with an SVP level of two or less, (ii) in any event, an SVP limitation cannot, as a matter of law, address a pain distraction, and (iii) the error is not harmless because the plaintiff could not have performed the sole job relied upon by the administrative law judge, that of addresser, given its General Educational Development ("GED") reasoning level of two. *See* Itemized Statement of Errors Pursuant to Local Rule 16.3 Submitted by Plaintiff ("Statement of Errors") (Docket No. 6) at 2-5. I find reversal and remand unwarranted on these bases.[3]

## I. Discussion

The plaintiff correctly observes that, while the administrative law judge found that she suffered a pain distraction that limited her to performing unskilled work with an SVP of two or less, he conveyed only the SVP limitation to the vocational expert, omitting to explain that it stemmed from a pain distraction. *See id.* at 2; *compare* Finding 5, Record at 13 *with id.* at 49-50. Yet, the omission was not in itself error. As counsel for the commissioner observed at oral

---

[3] The plaintiff also argued in passing that the administrative law judge failed to undertake the detailed, structured pain analysis mandated by 20 C.F.R. § 416.928, Social Security Ruling 96-7p, and *Avery v. Department of Health & Human Servs.*, 797 F.2d 19 (1st Cir. 1986). *See* Statement of Errors at 4. I agree with counsel for the commissioner that this issue was perfunctorily raised. The plaintiff offers neither explanation of the manner in which the pain analysis was flawed nor analysis of whether error, if any, was harmless. *See id.* The issue accordingly is deemed waived. *See, e.g., Graham v. United States,* 753 F. Supp. 994, 1000 (D. Me. 1990) ("It is settled beyond peradventure that issues mentioned in a perfunctory manner, unaccompanied by some effort at developed argumentation are deemed waived.") (citation and internal quotation marks omitted)

argument, an administrative law judge is charged with accurately conveying a claimant's restrictions to a vocational expert; she need not explain the etiology of those restrictions. *See, e.g., Torres v. Secretary of Health & Human Servs.*, No. 92-1460, 1992 WL 235535, at *5 (1st Cir. Sept. 23, 1992) ("A vocational expert's testimony can not constitute substantial evidence to support an ALJ's determination as to a claimant's disability status unless it accurately reflects all of the claimant's limitations[.]") (citation and internal quotation marks omitted).

In her second point of error, the plaintiff posits that the limitation was in fact inaccurate because SVP ratings by definition address job preparation, not the mental demands of jobs, and hence a limitation to unskilled work cannot as a matter of law appropriately address a pain distraction. *See* Statement of Errors at 3-4. In support of that proposition, she relies on a line of cases in which this court has examined the nature of so-called General Educational Development ("GED") reasoning ratings, as defined in the Dictionary of Occupational Titles (U.S. Dep't of Labor, 4th ed. rev. 1991) ("DOT"), and, in some cases, the difference between GED ratings and SVP ratings, as defined in the DOT. *See id.*; *see also, e.g., Leighton v. Astrue*, No. 07-142-B-W, 2008 WL 2593789, at *3 (D. Me. June 30, 2008) (rec. dec., *aff'd* July 22, 2008); *Carter v. Barnhart*, No. 05-38-B-W, 2005 WL 3263936, at *2-*4 (D. Me. Nov. 30, 2005) (rec. dec., *aff'd* Dec. 19, 2005); *Trebilcock v. Barnhart*, No. 04-18-P-S, 2004 WL 2378856, at *2-*3 (D. Me. Oct. 25, 2004) (rec. dec., *aff'd* Nov. 15, 2004); *Hall-Grover v. Barnhart*, No. 03-239-P-C, 2004 WL 1529283, at *3-*4 (D. Me. Apr. 30, 2004) (rec. dec., *aff'd* May 24, 2004).

As counsel for the commissioner posited at oral argument, this line of cases is materially distinguishable. In those cases, the SVP/GED issue arose in circumstances in which (i) an administrative law judge found a claimant limited, by virtue of a mental impairment or pain, to the performance of simple tasks or instructions, (ii) a vocational expert had testified that a person

with such a limitation could perform a job that the DOT revealed had a GED reasoning level of two or higher, (iii) a person limited to simple tasks or instructions seemingly could not perform a job with such a GED reasoning level, given its DOT definition, and (iv) the administrative law judge, in contravention of Social Security Ruling 00-4p ("SSR 00-4p"), failed to detect and resolve the apparent inconsistency between the vocational expert testimony and the DOT, warranting reversal and remand.  *See Carter*, 2005 WL 3263936, at *2-*4; *Trebilcock*, 2004 WL 2378856, at *2-*3; *Hall-Grover*, 2004 WL 1529283, at *3-*4; SSR 00-4p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2009), at 244 ("Occupational evidence provided by a VE [vocational expert] or VS [vocational specialist] generally should be consistent with the occupational information supplied by the DOT.  When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled.").

  In the course of so holding, this court has rejected the notion that a limitation to unskilled work (that is, work with an SVP level of one or two) is the equivalent of a limitation to the performance of simple tasks or instructions.  *See, e.g., Carter*, 2005 WL 3263936, at *2 ("All of the commissioner's presentation . . . is based on the assumption that a limitation to simple, repetitive tasks equates to a limitation to unskilled work.  It does not.  The commissioner's regulatory scheme addresses the skill levels of various jobs separately from a claimant's mental ability to perform only certain types of tasks.  The need to determine whether a claimant has transferable skills bears this distinction out; this determination has nothing to do with the mental demands of the tasks performed or to be performed by that individual."); *Hall-Grover*, 2004 WL 1529283, at *4 (although vocational expert testified that jobs with SVP ratings of level one or

5

two would accommodate a need for simple, repetitive tasks, "SVP ratings speak to the issue of the level of vocational preparation necessary to perform the job, not directly to the issue of a job's simplicity, which appears to be more squarely addressed by the GED ratings.").[4]

In this case, by contrast, the administrative law judge did not find the plaintiff limited to the performance of simple tasks or instructions or, from all that appears, rely on an expert RFC assessment so limiting her. *See* Finding 5, Record at 13. Thus, there was no apparent conflict, for purposes of SSR 00-4p, between the DOT and the vocational expert's testimony that a person with the posited limitations could perform the job of addresser. I decline the plaintiff's invitation to extend the *Hall-Grover* line of cases by holding as a matter of law that an SVP limitation cannot accurately reflect a claimant's pain distraction.[5]

The plaintiff's third and final point of error hinges on the viability of her second point. She contends that the job of addresser, the sole job that the vocational expert testified that a person with the stated limitations could perform, has a GED reasoning level of two, which this court has held incompatible with a limitation to simple work, as might be appropriate in the case of a pain distraction. *See* Statement of Errors at 4-5. Yet, as discussed above, the administrative law judge did not find that the plaintiff's pain distraction limited her to simple work. I decline to hold, as a matter of law, that a pain distraction necessarily requires transmission to a vocational expert of a limitation to simple tasks or instructions or, alternatively, a GED limitation.

---

[4] In *Leighton*, I stated that the administrative law judge had erred as a matter of law in finding the plaintiff "able to follow instructions up to the SVP three level[,]" noting: "A Specific Vocational Preparation rating deals with the amount of time necessary to learn a job. Complexity of instructions would be considered in connection with the reasoning level ratings of the DOT's General Educational Development ("GED") factor." *Leighton*, 2008 WL 2593789, at *3 (citation and internal quotation marks omitted). This observation was dictum, the commissioner's counsel having acknowledged that he could not rely on the job in issue, *see id.*, and in any event does not help the plaintiff. In her case, the administrative law judge did not meld the concept of following instructions with that of SVP rating. He simply stated that the plaintiff's pain distraction limited her to jobs with SVP levels of two or less. *See* Finding 5, Record at 13.

[5] As counsel for the commissioner suggested at oral argument, the plaintiff predicated the instant challenge on legal rather than factual grounds. *See* Statement of Errors at 2-4. She did not argue that the RFC finding lacked record support. *See id.*

## II.  Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 30th day of October, 2009.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge